UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID Z. KIM and AE JA KIM,

                        Plaintiff,

              - against -

FEDEX CORPORATION,

                       Defendants,
------------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.:

**JURY TRIAL DEMANDED**

    Plaintiffs DAVID Z. KIM and AE JA KIM, by and through their attorneys, Napoli Shkolnik, PLLC, hereby file the Complaint herein, and respectfully sets forth and alleges the following:

## NATURE OF THE ACTION

1. This is a civil action seeking compensatory damages from the defendant FEDEX CORPORATION (hereinafter "FEDEX") as a result of the bodily harm resulting to plaintiffs from defendant's negligence relating to a September 12, 2019 automobile accident.

## JURISDICTION AND VENUE

2. This action is based upon diversity of citizenship under the provisions of Title 28 of the United States Code, 28 U.S.C. § 1332.

3. The injured plaintiffs were and still are residents of Bronx County, State of New York. Defendant FEDEX is a corporation registered in the State of Delaware with its Principal Place of Business in the City of Memphis, State of Tennessee.

4. This cause of action arises out of a tort which occurred in Bronx County, State of New York. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b)(2).

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. By filing this Complaint in this District, however, Plaintiff does not waive the right to transfer this case to any other appropriate district at the conclusion of pretrial proceedings.

## JURY DEMAND

7. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38(b).

## PARTIES

8. That at all times hereinafter mentioned, plaintiffs were and still are residents of Bronx County, State of New York.

9. That at all times hereinafter mentioned, defendant was and still is a corporation registered in the State of Delaware with its Principal Place of Business in the City of Memphis, State of Tennessee.

# FACTS

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS: NEGLIGENCE

10. On Thursday, September 12, 2019, and at all times herein mentioned, defendant FEDEX was the registered owner of a 2017 Chevrolet Van bearing New York State license plate number 70374MH.

11. On September 12, 2019 defendant FEDEX was the registered owner of the aforesaid 2017 Chevrolet Van bearing New York State license plate number 70374MH

12. On September 12, 2019 defendant FEDEX maintained the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

13. On September 12, 2019 defendant FEDEX managed the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

14. On September 12, 2019 defendant FEDEX inspected the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

15. On September 12, 2019 defendant FEDEX leased the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

16. On September 12, 2019 defendant FEDEX was the lessee of the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

17. On September 12, 2019 defendant FEDEX was responsible for the repair and maintenance of the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

18. On September 12, 2019 defendant FEDEX controlled the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

19. On September 12, 2019 defendant FEDEX operated the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH.

20. On September 12, 2019 defendant FEDEX operated the aforesaid 2017 Chevrolet van bearing New York State license plate number 70374MH on Valentine Ave at or near the intersection with East 187th Street, Bronx County, State of New York.

21. On September 12, 2019 plaintiff DAVID Z. KIM was the operator of a 2015 Honda sedan bearing New York State license plate number ETM4665 on Valentine Ave at or near the intersection with East 187th Street, Bronx County, State of New York.

22. On September 12, 2019 Valentine Ave at or near the intersection with East 187th Street, Bronx County, State of New York was and still is a public roadway and/or thoroughfare.

23. On September 12, 2019 defendant's 2017 Chevrolet van bearing New York State license plate number 70374MH collided with the rear of plaintiff's 2015 Honda sedan bearing New York State license plate number ETM4665.

24. Upon information and belief, the aforementioned collision was proximately caused by the negligence, carelessness, recklessness, gross negligence, and gross negligence of the defendant, in the ownership, operation, and control of the aforementioned vehicle, without any negligence on the part of the plaintiff contributing thereto.

25. Defendant unreasonably endangered plaintiff in failing to properly steer, guide, manage and control his subject vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have avoided the occurrence; in failing to have made adequate, and timely observation of, and response to, conditions then existing at the place and time of the occurrence; in failing to observe signs and

signals prevailing at the time and place of the occurrence; in failing to keep a proper look out when controlling the subject vehicle; in failing to properly maintain the subject motor vehicle; in failing to give adequate and timely signal, notice or warning of the approach of their vehicles; in failing to give any sign, signal, or warning to the plaintiff; in failing to properly inspect said motor vehicles; in failing to properly repair said motor vehicles; in improperly driving the subject motor vehicle and otherwise losing control of the subject vehicle, thereby causing the collision between the vehicles; in failing to stop; in failing to see what was there to be seen at the time of, and prior to the impact; in failing to drive the subject motor vehicle with reasonable care and diligence; in failing to properly and adequately apply the braking mechanism in an effective and safe manner or in failing to have same in proper working order; in failing to properly and adequately utilize the steering mechanism in an effective and safe manner or in failing to have same in proper working order; in failing to keep said motor vehicle in the proper lane of traffic; in failing to sound the horn or otherwise warn of imminent impact; in carelessly and negligently failing to obey the traffic control devices then and there existing; in operating said vehicle in violation of the New York Vehicle and Traffic Law statute; in failing to avoid this collision although the defendant had a full opportunity to avoid same.

26. That as a result of the aforesaid collision, plaintiff was seriously injured and has been caused to suffer severe physical and emotional injuries.

27. That as a result of the aforesaid collision, plaintiff sustained "serious" injuries as such term is defined by Section 5102 of the Insurance Law of the State of New York and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability. Moreover,

Plaintiff is entitled to recover for such economic losses that exceed the basic economic loss.

28. That by reason of the foregoing and the negligence of the defendant, this plaintiff is informed and verily believes the personal injuries sustained are permanent and he will permanently suffer from the effects of same.

29. That by reason of the foregoing, plaintiff was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care, and upon information and belief, plaintiff will necessarily incur further similar expenses.

30. That by reason of the foregoing, plaintiff has been unable to attend his usual vocation and/or avocation in the manner required.

31. Said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of the plaintiff contributing thereto.

**AS FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS:
NEGLIGENT ENTRUSTMENT**

32. Plaintiffs repeat, reiterate, and incorporates each and every allegation contained herein above in paragraphs "1" though "31" inclusive, with the same force and effect as if herein set forth at length.

33. That defendant FEDEX hired and retained Richard Delacruz without performing sufficient and appropriate investigation into his background as related to his driving record.

34. That defendant FEDEX hired and retained Richard Delacruz without performing sufficient and appropriate investigation into his background as related to his driver's license record.

35. That defendant FEDEX hired and retained Richard Delacruz without performing sufficient and appropriate investigation into his background as related to his propensity for careless/reckless driving.

36. That defendant FEDEX hired and retained Richard Delacruz despite knowing or having reason to know of his background as related to his propensity for careless driving.

37. That through his employment with defendant FEDEX, and in particular at the times alleged herein, Richard Delacruz was not sufficiently trained or disciplined with regard to the safe operation of a motor vehicle.

38. That through his employment with defendant FEDEX, and in particular at the times alleged herein, Richard Delacruz was not sufficiently supervised by defendant FEDEX.

39. That by virtue of the foregoing, Richard Delacruz presented an unwarranted and unreasonable danger to the public and to the plaintiff in particular.

40. That by virtue of the foregoing, defendant FEDEX is liable to the plaintiffs for the negligent actions of Richard Delacruz and all of the personal injuries suffered by plaintiff's resultant therefrom.

41. The actions of defendant FEDEX constituted gross negligence, which warrants the awarding of exemplary damages to punish it for its wrongful conduct, protect the public against similar acts, deter it from a repetition of the same conduct, and serve as an example and warning to others.

42. That as a result of the foregoing, plaintiff DAVID Z. KIM suffered severe personal injuries, loss and impairment that will continue for the foreseeable future, all to this Plaintiff's damage in the sum of which amount sought exceeds jurisdictional limits of all courts lower than the Supreme Court.

## AS FOR THE THIRDS CAUSE OF ACTION ON BEHALF OF PLAINTIFFS: LOSS OF CONSORTIUM

43. Plaintiffs repeat, reiterate, and incorporates each and every allegation contained herein above in paragraphs "1" though "42" inclusive, with the same force and effect as if herein set forth at length.

44. Plaintiff AE JA KIM was at all relevant times the wife of plaintiff DAVID Z. KIM, and as such lives and cohabits with him.

45. As a direct and proximate result of the foregoing, plaintiff AE JA KIM, has necessarily paid and has become unable to pay for medical aid, treatment, attendance and for medications and will necessarily incur further expenses of a similar nature in the future.

46. As a direct and proximate result, plaintiff AE JA KIM, has been caused, presently and in the future, the loss of his husband's companionship, services, society and the ability of plaintiff's wife in said respect having been impaired and depreciated, and the marital association between husband and wife having been altered, and as such the plaintiff has been caused great mental anguish.

47. Said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of plaintiff AE JA KIM contributing thereto.

48. By reason of the foregoing, plaintiff AE JA KIM has been damaged in a sum, which exceeds the jurisdictional limits of all lower courts, which might otherwise have jurisdiction.

**PRAYER FOR RELIEF**

49. The limitations on liability set forth in Article 16 of the New York Civil Practice Law and Rules do not apply since plaintiff's action falls within the exemption set forth in subdivision (6).

50. Plaintiff is entitled to compensatory damages and demands judgment against the defendant in a sum which exceeds the jurisdictional limits of all lower Courts which might otherwise have jurisdiction, together with the costs and disbursements of this action, in an amount exceeding $75,000.00.

**WHEREFORE**, plaintiffs demand judgement against the defendant in the amount of Fifteen Million Dollars ($15,000,000.00) together with costs, disbursements, and attorney's fees of this action, and with interest from the date of this occurrence.

Dated: September 9, 2020
New York, NY

        Yours etc.,
        **NAPOLI SHKOLNIK, PLLC**

By: _____
        Joseph Napoli, Esq.
        Attorney for Plaintiff
        360 Lexington Avenue, 11th Floor
        New York, NY 10017
        212-397-1000