USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 2 2 202

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID Z. KIM and AE JA KIM            :

                       Plaintiffs,            :            <u>MEMORANDUM DECISION</u>
                                     :            <u>AND ORDER</u>

        -against-            :
                                       :            20 Civ. 7337 (GBD)

FEDEX CORPORATION,            :

                       Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

On September 9, 2020, Plaintiffs David Z. Kim and Ae Ja Kim brought this federal action against Defendant FedEx Corporation, seeking compensatory damages for an automobile accident that took place on September 12, 2019. (Compl. ¶ 1.) Plaintiffs allege that Defendant was the owner of a vehicle operated by one of its employees that collided with Plaintiffs' vehicle at or near the intersection of Valentine Avenue and East 187th Street in the Bronx. (*Id.* ¶¶ 20–23, 40.) Plaintiffs bring claims for negligence, negligent entrustment, and loss of consortium. (*Id.* ¶¶ 10–48.)

Defendant moves to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(7) for failure to join a party under Rule 19. (Not. of Mot., ECF No. 5.) Defendant argues that Defendant's liability is dependent upon the liability of the driver of the vehicle owned by Defendant. (Def.'s Mem. of Law in Supp. of Dismissal Under Rule 19 ("Def.'s Mem."), ECF No. 7, at 4.) Plaintiffs sued the driver in a separate action pending in Bronx County Supreme Court that was filed on August 24, 2020. (*Id.*; Decl., ECF No. 6, ¶ 3.) However, the driver has not been joined, and there is no diversity jurisdiction to join the driver as a party to this federal action. (Def.'s Mem. at 4.) Accordingly, Defendant requests that this Court dismiss this action without prejudice to Plaintiffs

joining Defendant in their pending action in Bronx County Supreme Court. (*Id.*) Defendant's motion is GRANTED.

## I. PLAINTIFFS' COMPLAINT IS DISMISSED

Rule 19 sets out a two-step test for courts to apply when considering whether to dismiss an action for failure to join a party. "First, the court must determine whether an absent party belongs in the suit, *i.e.,* whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). An absent party is "necessary" to an action where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Where joinder of a necessary party "is not feasible for jurisdictional or other reasons, the court must finally determine whether the party is 'indispensable'" and the action should be dismissed. *Viacom*, 212 F.3d at 725 (citation omitted). In particular, Rule 19(b) provides that the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The factors for consideration in reaching such a determination include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.*

Here, the driver of the vehicle is a typical necessary party. By any measure, the negligence of the individual driving Defendant's vehicle at the time of the accident is directly implicated in any action. Importantly, New York law imposes vicarious liability on vehicle owners for the negligence of those operating the vehicle. *See Piano Exch. v. Weber*, 168 A.D.3d 1017, 1018 (N.Y. App. Div. 2nd Dept. 2019) ("Vehicle and Traffic Law § 388(1) provides that . . . the owner of a motor vehicle is liable for the negligence of one who operates the vehicle with the owner's express or implied consent.") (citations omitted).    Accordingly, determining Defendant's liability will require an analysis of whether the driver's conduct was negligent. If this case were to be resolved before the Bronx County Supreme Court resolves Plaintiffs' case against the driver, any judgment by this Court that the driver was negligent may "as a practical matter impair or impede the [driver's] ability to protect [his] interest." Fed. R. Civ. P. 19(a)(1)((B)(i). Further, the driver's absence here and the existence of the separate state court action may subject the parties "to a substantial risk of incurring . . . inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

The driver, however, cannot be joined here, because doing so would defeat this Court's subject matter jurisdiction. This Court's only jurisdiction over this action is based upon diversity of citizenship. Plaintiffs are residents of New York, while Defendant FedEx Corporation is registered in Delaware and has its principal place of business in Tennessee. (Compl. ¶ 3.) The driver is also a resident of New York. (Decl. ¶ 3.) Joinder is therefore not feasible. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). Nonetheless, the driver is an indispensable party. The first factor of indispensability—the extent

3

to which a judgment rendered in the person's absence might prejudice that person or the existing parties—is satisfied for the same reasons that make the driver a necessary party. There is a significant interest in avoiding litigation that is duplicative and risks potentially inconsistent results. Further, the parties have not expressed any willingness to agree on measures that may limit any potential prejudice. Moreover, Plaintiffs will have a sufficiently adequate remedy if this action is dismissed for nonjoinder. They can simply add Defendant as a party to their pre-existing state court action. Consolidating these cases would promote judicial efficiency and allow for complete resolution of this action before one court. Accordingly, dismissal of this action is appropriate under Rule 19(b).

## II.    CONCLUSION

Defendant's motion to dismiss, (ECF No. 5), is GRANTED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
       February 22, 2021

SO ORDERED.

George B Daniels

GEORGE B. DANIELS
United States District Judge